IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 12-08-H-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHRISTOPHER WAYNE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The United States has moved to strike the *amicus* sentencing memorandum presented to the Court by Professor Douglas Berman, or alternatively to respond to the *amicus* sentencing memorandum. Defendant's counsel Michael Donahoe submitted a response to the motion to strike expounding on the unwelcome interference Professor Berman's conduct has had on his attorney-client relationship with Defendant. The United States' motion to strike will be denied, but the submission will not be granted the weight of a sentencing memorandum. The Court will not consider Professor Berman's submission as a sentencing memorandum because it is untimely and not in compliance with the Local Rules.

-1-

However, the Court will consider the submission under its broad authority to consider materials in aid of sentencing under 18 U.S.C. § 3661. The Court will also consider the responses of the government and Defendant to Professor Berman's submission.

Professor Berman's submission is untimely if considered as a sentencing memorandum. The Court ordered the parties to file any sentencing memoranda by January 14, 2013, and responses to sentencing memoranda by January 18, 2013. (Doc. 228.) Professor Berman submitted his letter and memorandum on January 28, 2013, and it is thus untimely.

Professor Berman's submission also failed to comply with the Local Rules. Construing his letter to the Court as a motion seeking leave to file the *amicus* sentencing memorandum, it did not comply with Local Rule 47.1 requiring motions to state whether the opposing party objects to the motion. Professor Berman at no point extended the courtesy of contacting counsel in this matter at any time, let alone as required by the rules. Further, Local Rule 83.1 only permits active members of the State Bar of Montana or attorneys who have been granted leave to appear *pro hac vice* to appear before the Court.[1] Professor Berman is not

---

[1] Although Local Rule 83.1 is a civil rule, its broad language clearly demonstrates it applies to any attorney appearing before the Court in any case, civil or criminal.

an active member of the Montana Bar, nor has he sought leave to appear *pro hac vice* in this case.

Professor Berman once again is attempting to inject himself and his opinions into an ongoing criminal proceeding that has very real and profound consequences for the parties, who have tirelessly worked to get to a point where Defendant Williams stands to greatly benefit by receiving a sentence that is decades less than what he otherwise would have received had it not been for the efforts of his able and competent counsel and the cooperation and reasonableness of the United States Government.  Professor Berman has not been invited into these proceedings, and has done nothing to adhere to the above-described rules of this Court.  He is a meddler at best.  This is not an academic exercise.  Mr. Williams' liberty is at stake.  For all his professed "expertise", Professor Berman has apparently never learned that the relationship between an attorney and his client is sacrosanct, and not to be interfered with, and that there are certain, fundamental requirements that attorneys must adhere to before they are entitled to practice before a court, including this one.  The Court awaits further motions by the parties in this case if they believe that Professor Berman should be subject to sanction or discipline.  The sentencing will proceed as scheduled for 10:00 a.m. tomorrow morning, February 1, 2013.

In the meantime, Professor Berman's noncompliance and the untimeliness of his submission compel the Court to construe the submission as a material in aid of sentencing rather than a sentencing memorandum. The Court considers a vast array of sentencing materials submitted from a variety of sources even up to the day of sentencing. Because Professor Berman's submission will be considered in this context, the Court will likewise consider the government and Defendant's responses. Therefore,

IT IS ORDERED that the Government's motion to strike the *amicus* sentencing memorandum is DENIED as set forth herein.

DATED this 31st day of January, 2013.

_____
Dana L. Christensen, District Judge
United States District Court