IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER WAYNE WILLIAMS,<br><br>Defendant. | CR 12–08–H–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Christopher Wayne Williams' Motion for Early Termination of Supervision. (Doc. 290.) The Government opposes the motion. (Doc. 293.) Williams' probation officer does not support terminating his supervision. (Doc. 290 at 2.) Williams has now served approximately 42 months of his five-year term of supervision, which makes him just over two-thirds of the way through. (Doc. 291 at 2–3.) For the reasons explained, the Court denies the motion subject to renewal.

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised

1

release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Williams argues that early termination is appropriate because of his positive progress on supervision and his contributions to his community. (Doc. 291 at 4.) Williams acknowledges his early struggle with non-compliance but asserts that his more recent stretch of compliant behavior demonstrates that he has been deterred from future criminal behavior. (*Id.* at 5.)

The Government primarily opposes the motion based on Williams' five instances of non-compliance and disagrees with Williams' characterization that this conduct remains in the past. (*See* Doc. 293 at 3–4.)

No one disputes that Williams' initially struggled on supervision—the most flagrant violation of which occurred on June 23, 2019 when he was arrested for a DUI. (Doc. 293.) He also failed to report for a drug test within his first year. (*Id.*)

Following his DUI, Williams' next violation occurred on December 6, 2019, when he tested positive for a cocaine metabolite. (*Id.*) Williams adamantly disputes using cocaine and instead attributes his positive test to drinking a tea containing coca leaves during a sweat lodge. (*Id.*) The Court notes that Williams' PSR does not document a history of cocaine use, so this explanation is reasonable. Nevertheless, Williams was warned to be careful about what he consumed. (*Id.*) Since this instance, Williams has had two additional run-ins within the last year alone. On February 24, 2020, he failed to report for a drug test. (*Id.*) Then, on December 15, 2020, he tested positive for alcohol use—which he again denies and chalks up to drinking a kombucha. (*Id.*)

     Regardless of the veracity of his kombucha claim, Williams' two failure-to-appear violations and DUI are a significant demonstration of non-compliance in and of themselves. This conduct concerns the Court as it considers the appropriateness of granting early termination. That said, the Court also notes the glowing character references submitted with Williams' motion.

     Williams' employer, Paul Holdorf, considers him to be a man of "honesty and integrity." (Doc. 291-1 at 1.) Shortly after being hired as a carpenter, Williams was promoted to an Assistant Manager where his talent for leadership and conflict resolution was recognized by all. (*Id.*) It is clear that Williams has become an invaluable asset to his company. (*See* Doc. 291-2.) Kelly Walunis,

Williams' housemate and friend, describes the positive influence he has brought into her life and the life of her 15-year old daughter. (Doc. 291-3 at 1.) The positive impact that Williams has had on his close friends and community is not lost on the Court.

After taking a holistic view of the "conduct of the [D]efendant," the Court concludes that early termination is not appropriate at this time given Williams' early struggle on supervision and his more recent instances. That said, the Court encourages Williams to file another motion in six months' time. If Williams can maintain a clean track record and not incur any additional violations for six months, the Court believes that early termination would be appropriate.

Accordingly, IT IS ORDERED that Williams' Motion (Doc. 290) is DENIED subject to renewal in six months.

DATED this 13th day of January, 2021.

_____
Dana L. Christensen, District Judge
United States District Court