IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12–08–H–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CHRISTOPHER WAYNE WILLIAMS, | |
| Defendant. | |

Before the Court is Defendant Christopher Wayne Williams' Motion for Early Termination of Supervision. (Doc. 295.) The Government opposes the motion. (Doc. 297.) Mr. Williams' probation officer does not support terminating his supervision. (Doc. 297 at 2.) As explained, the Court grants the motion.

## Background

On February 1, 2013, Defendant Christopher Wayne Williams was sentenced for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 271.) The Court sentenced Mr. Williams to time served for the marijuana conviction and 60 months consecutive on the firearms conviction with five years of supervised release. (*Id.*) After his release from prison, Mr. Williams began serving his term of supervision

1

on June 19, 2017. (Doc. 291 at 2.) Mr. Williams has now served roughly 48 months (or four fifths) of his five year term of supervision. (*Id.* at 3.)

On January 13, 2021, the Court denied Mr. Williams' first motion for early termination of supervised release. (Doc. 294.) The Court recognized the significant strides Mr. Williams had made towards a law-abiding lifestyle and towards sobriety. (*Id.* at 3–4.) Notwithstanding Mr. Williams' initial struggles with noncompliance, the Court was impressed by the character letters submitted by his close friends and his employer. (*Id.*) At that time, the Court was convinced that Mr. Williams was headed in the right direction, but—given his two alcohol violations within the previous year—the Court wanted to be sure that Mr. Williams' struggles with alcohol were sufficiently under control to ensure his ongoing success. (*Id.* at 3.) The Court wrote that, if Williams "maintain[ed] a clean track record . . . for six months" it would terminate his supervision. (*Id.* at 4.) Mr. Williams' renewed motion is presently before the Court. (Doc. 295.)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised

release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Since the Court's order, Mr. Williams has had one instance of noncompliance. (Doc. 296 at 3.) On June 30, 2021, he tested positive for alcohol use and admitted to his probation officer that he consumed alcohol with dinner. (*Id.* at 3.) This lone violation aside, Mr. Williams argues that his "character and contributions to his family and community" warrant early termination. (*Id.*)

The Government opposes the motion based on Mr. Williams' recent alcohol use. (Doc. 297 at 1.)

The Court was encouraged by Mr. Williams' progress on supervision six months ago. From his character letters, it was clear that Mr. Williams had turned his life around. Notably, his employer spoke enthusiastically about his honesty and integrity, and his partner spoke to the transformative role Mr. Williams had

3

played in her daughter's life.  This has not changed.  The letters provided in support of his current motion evidence Mr. Williams' exceptionally hard work ethic, and his strong ties to his family and community.  (Doc. 296-1 at 1–2.)  With regards to his most recent alcohol use, Ms. Walunis writes that she "can only imagine what Chris's crimes and recent slip-ups look like on paper . . . [but that] does not convey what the real Chris is like." (*Id.* at 1.)  Speaking to his resilience, she explains that she has "watched him bounce back from setback after setback, [through all] . . . the ups and downs of everyday life[.]"  (*Id.*)

The Court acknowledges Mr. Williams' recent alcohol use but does not find that fatal to his present motion.  The path to continuous sobriety is not always a straight line.  Relapse is common.  Mr. Williams completed the RDAP program while in custody, and thus he has the tools to maintain his sobriety if that is how he chooses to live his life.  He does not need the Court looking over his shoulder for the next few months, because, in every other respect, Williams is leading a productive and exemplary life.

Thus weighing "the nature and circumstances of the offense" against the "characteristics" of Mr. Williams, along with the need to promote "deterrence" and "protect the public," the Court is convinced that continued supervision is no longer necessary.  Accordingly,

IT IS ORDERED that Williams' Motion (Doc. 295) is GRANTED. The term of supervised release imposed by the February 1, 2013 Judgment as amended by Doc. 271 is TERMINATED as of the date of this Order. Mr. Williams is DISCHARGED from the sentence of supervised release in this case.

DATED this 27th day of July, 2021.

_____
Dana L. Christensen, District Judge
United States District Court